PER CURIAM.
Trustee Curtis L. Mann (Trustee) and Trustee’s attorney, A. Thomas DeWoskin *287 (Attorney), appeal from a final judgment entered in the District Court[1] for the Eastern District of Missouri awarding Trustee the sum of $64.10 for expenses incurred and awarding Attorney the sum of $150.00 for legal services rendered on behalf of Trustee. For reversal Trustee and Attorney argue that the district court erred in affirming these awards because the awards did not constitute “reasonable compensation” pursuant to the United States Bankruptcy Code, 11 U.S.C. § 330 (1982). For the reasons discussed below, we affirm.
On November 19, 1981, debtors John and Clara McCombs (Debtors) filed a joint voluntary petition in bankruptcy. In their bankruptcy petition, Debtors listed their residence as having a fair market value of approximately $10,000. Debtors claimed exemptions on that property totalling $2,921.42 out of the total exemption of $15,800 available to them.
Trustee had the real estate appraised and determined that the Debtors’ residence was worth as much as $29,000. Trustee concluded that Debtors had undervalued their property and that there was potential equity in the property in excess of the exemptions claimed by Debtors and the amount owed to the bank.
Trustee employed DeWoskin as his attorney and filed suit in the United States Bankruptcy Court[2] for the Eastern District of Missouri, seeking recovery of non-exempt assets. Debtors filed an answer to Trustee’s complaint denying that their property was valued at $29,000, claiming instead that its actual value was $7,000. Debtors also sought leave to amend their exemption schedule to claim an exemption of $14,000 in their residence. Trustee and Attorney objected to Debtors’ motion to amend on the grounds that Debtors had sufficient notice to amend before administration of the estate had begun.
A hearing was held on November 4, 1982, and Debtors were permitted to file their amended exemption schedule, the bankruptcy court finding that there would be no resulting prejudice to general creditors. At the hearing, the bankruptcy court awarded Trustee $64.10 as reasonable compensation for expenses incurred and awarded Attorney $150.00 as reasonable compensation for services rendered.
Trustee and Attorney appealed the order of the bankruptcy court to the district court. The district court correctly noted that although
compensation awarded an attorney employed by the trustee of a bankrupt estate must be reasonable and based on factors such as “time, the nature, extent and the value of such services and the cost of comparable services other than in a case under title eleven of the Bankruptcy Act,” it is also an accepted principle in this Circuit that the Bankruptcy Judge is allowed discretion fixing that award.
In re McCombs, 33 B.R. 387 at 388 (E.D.Mo. Aug. 24, 1983), citing 11 U.S.C. § 330(a)(1) (1982). Applying the abuse of discretion standard of review, see Matter of United States Golf Corp., 639 F.2d 1197, 1201 (5th Cir.1981), the district court carefully considered the evidence presented and concluded:
[T]he Bankruptcy Judge did not fail to apply the proper legal standard and procedure, nor did he base his fee award on clearly erroneous findings of fact. The Bankruptcy Judge found that the legal principles presented in this case were “neither complex nor unusual” and awarded what he determined to be reasonable compensation. Appellant attorney himself fails to explain in what way the Bankruptcy Judge erred. He merely asserts that greater weight should have been given to several fee determination *288 factors among those listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974).
The Bankruptcy Judge was in a better position than is this Court to determine that appropriate amount of compensation for appellant attorney and, finding no evidence that the Judge abused his discretion, this Court leaves his award of $150.00 unchanged.
At 388 (footnote omitted).
Considering the bankruptcy court’s award to Trustee, the district court stated:
Appellant Trustee appeals his award of $64.10 for expenses, claiming that he is entitled to the additional sum of $250.00 representing the value of his services rendered. As appellees correctly observe, however, said Trustee has performed no compensable services beyond preparation of an estate status report. He did not secure any of Debtors’ assets, nor did he conduct negotiations with creditors. The Trustee disbursed none of the bankrupt estate to creditors. In short, only his documented expenses to-talling $64.10 are compensable.
Id. at 388.
The fee provision of the Bankruptcy Code, 11 U.S.C. § 330, is meant to encourage high standards of professional legal practice in the bankruptcy courts. See In re Atlas Automation, Inc., 27 B.R. 820, 822 (E.D.Mich.1983). Bankruptcy courts are no longer bound by pre-Code notions of frugality and economy in fixing fees. Id. Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in the bankruptcy courts. Id. Although the award could have been more generous, the allowance granted was within the discretion of the bankruptcy court. Accordingly, we affirm on the basis of the district court’s opinion. See 8th Cir.R. 14.

. The Honorable Roy W. Harper, United States Senior District Judge for the Eastern and Western Districts of Missouri.

. The Honorable James J. Barta, Judge, United States Bankruptcy Court for the Eastern District of Missouri.