**In re AMATEX CORPORATION, formerly known as American Asbestos Textile Corporation, Debtor.**

**Bankruptcy No. 82–05220K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

July 18, 1985.

Marvin Krasny, Philadelphia, Pa., for creditors' committee.

Marc S. Cornblatt, Philadelphia, Pa., for co-defendants.

J. Gregg, Miller, Philadelphia, Pa., for debtor-in-possession.

Pace Reich, Philadelphia, Pa., for Asbestos Litigants.

## MEMORANDUM AND ORDER

WILLIAM A. KING, Jr., Bankruptcy Judge.

In this Chapter 11 reorganization case, the law firm of Pepper, Hamilton & Scheetz is counsel to the debtor-in-possession. Counsel has filed an application for interim compensation pursuant to 11 U.S.C. § 331, requesting an interim fee award of $110,730.25 for 1,147 hours of legal services performed for the debtor-in-possession from November 1, 1982 through April 30, 1983,[1] and reimbursement of costs in the amount of $7,911.59.

---

**1.** Section 331 of the Code provides:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section

Upon review of the application in accordance with the established caselaw governing awards of counsel fees, we have deducted $15,590.00 from the amount requested, for a net fee award of $95,140.25.[2] No allowance will be made for expenses at this time.

The reasons for the reduction in the fee are set forth below. In order to show why the Court finds certain entries in the application unacceptable, we have categorized the disallowed entries into six (6) categories. Counsel will have an opportunity to further amend those entries which are being disallowed for lack of specific information.

## A. INTRA–OFFICE CONFERENCE TIME

■ Section 330 of the Code provides that the Court shall allow compensation to a professional person only for *actual and necessary* services rendered. The advice given by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) suggesting that attorneys exercise "billing judgment" when applying to the Court for allowance of fees under sections 330 and 331 in the same manner that they use such judgment when presenting bills to their clients seems appropriate here.[3] *In re Jensen-Farley Pictures, Inc.*, 47 B.R. 557, 583–84, 12 B.C.D. (CRR) 978, 992 (Bankr. D.Utah 1985)

■ We have previously held that the bankruptcy estate should not have to bear the cost of compensating each attorney present at an intra-office conference unless counsel can show that the estate benefited from each attorney's special area of expertise. *In re American International Airways, Inc.*, 47 B.R. 716, 724 (Bankr.E.D.Pa. 1985). *In re Bible Deliverance Evangelis-*

*tic Church*, 39 B.R. 768, 777 (Bankr.E.D. Pa.1984). The frequency of the intra-office conferences and the length of time each entails are factors in the Court's decision as to whether to deduct time for excessive conferences. *Bible Deliverance*, 39 B.R. at 777. In the absence of a showing by counsel of the purpose of the conference and why the conference was essential to the efficient management of the case, we will not award full compensation to each attorney present at a conference.

■ In the fee application before the Court, we have reduced the fee awarded by $1,823.75 for excessive conference time. We have only disallowed those entries which listed an intra-office conference of more than one (1) hour in length. We are not prepared to rule today that the conference time in question was not necessary. Rather, we request counsel to provide additional information as to the necessary nature of these time expenditures. We will make appropriate adjustments to the fee awarded when the additional information is filed in the form of an amended application.

## B. DUPLICATIVE COURT APPEARANCES

■ The same reasoning that applies to intra-office conferences is applicable to duplicative court appearances, i.e., the estate should not have to bear the cost of duplicative services. When more than one (1) attorney attends a hearing, unless each actively participates, no fee or a reduced fee should be sought for non-participating counsel. *In re Horn & Hardart Baking Co.*, 30 B.R. 938, 943 (Bankr.E.D.Pa.1983). *See, also, Jensen-Farley Pictures, Inc.*, 47 B.R. at 583–84, 12 B.C.D. (CRR) at 992; *Impro Products, Inc. v. Block*, 569 F.Supp. 1389, 1397 (D.D.C.1983), *rev'd without*

---

327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. . . .

**2.** This Memorandum constitutes the findings of fact and conclusions of law required by Rule 7052 of the Bankruptcy Rules.

**3.** The number of hours excluded and the reason for the exclusion may be set forth in the fee application. *See National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1327–28 (D.C.Cir.1982).

*opinion,* 737 F.2d 1206 (D.C.Cir.1984); *In re Erewhon, Inc.,* 21 B.R. 79 (Bankr.D. Mass.1982).

■ In the fee application before the Court, we have reduced the fee awarded by $2,057.50 for appearances in Court by more than one (1) attorney. We request counsel to provide additional information as to the necessity of having more than one (1) attorney present in Court on the dates in question if counsel takes the position that the presence of additional counsel was necessary.

## C. TRAVEL TIME

■ Compensation is requested in the instant fee application for travel time to and from the courthouse, and for travel time to and from Chicago, where counsel met with attorneys in the UNR bankruptcy case. We are in agreement with those cases holding that unproductive travel time should not be billed at the regular hourly rate of an attorney. *See Jensen-Farley Pictures, Inc.,* 47 B.R. at 583–84, 12 B.C.D. (CRR) at 992; *In re Four Star Terminals, Inc.,* 42 B.R. 419, 437 (Bankr. D.Alaska 1984); *In re Global International Airways, Inc.,* 38 B.R. 440, 445 (Bankr.W.D. Mo.1984); *In re International Coins & Currency, Inc.,* 22 B.R. 127, 130 (Bankr.D. Vt.1982); *Cf. Society for Good Will to Retarded Children v. Cuomo,* 574 F.Supp. 994, 997–98 (E.D.N.Y.1983), *vacated,* 737 F.2d 1253 (2d Cir.1984). Time spent in transit may be necessary, but it is clearly not as productive as time spent in court or at the office, unless an attorney utilizes that time profitably by preparing for meetings, court appearances, etc. In summary, we have allowed counsel to be compensated at the standard hourly rate of $40.00 for travel time regardless of the attorney's regular hourly rate. If counsel utilized the time listed for travel to prepare for meetings or court appearances, the court will reconsider its ruling upon the filing of an amended application containing specific information as to how that time was utilized.

## D. NON-LEGAL SERVICES ARE NOT COMPENSABLE AT THE REGULAR HOURLY RATE OF AN ATTORNEY

■ In the instant fee application, we note that compensation is requested at the hourly billing rate of a partner of the firm for the filing of documents with the court. Services of a non-legal nature, such as filing papers with the court, should not be compensable at the hourly billing rate of an attorney when such ministerial and routine tasks can be performed by less-costly non-legal employees. *See In re Jensen-Farley Pictures, Inc.,* 47 B.R. at 583–84, 12 B.C.D. (CRR) at 992. Therefore, we have allowed compensation for services such as filing papers at the courthouse at the rate of $40.00 per hour, instead of at the hourly rate of the attorney who performed the service.

## E. ENTRIES LACKING SPECIFICITY AND OR "LUMPED" ENTRIES

The requirements which must be met in a fee application in order to justify an appropriate fee award are set forth in *In re Meade Land and Development Co.,* 527 F.2d 280 (3d Cir.1975) ("Meade I") and 577 F.2d 858 (3d. Cir.1978) ("Meade II"). These requirements include adequate documentation of services performed with "reasonable specificity".

> We stress that it is the attorney's obligation to keep and submit to the court time records supporting an application for compensation. And, absent unusual circumstances, it is the court's independent obligation to give credit only where there are such supporting documents, even in cases where no interested parties raise objections to the claim. Additionally, we think it would be appropriate for the Bankruptcy Judge to indicate what was determined to be a reasonable hourly rate for such services.

*Meade I, supra* at 284.

> To assist the judge ... counsel's petition and supporting affidavit should describe with reasonable *specificity* the services

for which compensation is claimed as well as the hours spent thereon.

*Id.*, at 285.

 This Court has consistently held that it is impossible to justify an award of fees where counsel has failed to meet the *Meade* requirements of adequately documenting, with specificity, the services provided to the estate. General statements will not justify fee awards. Lumping together of services, that is, the failure to adequately specify how much time has been expended for each individual service, is not acceptable. *In re Nation/Ruskin, Inc.*, 22 B.R. 207, 210 (Bankr.E.D.Pa.1982).

 In the application before the Court, there are several entries lacking in a description of the subject matter of the task performed. There are also several entries where more than one task is listed under one (1) time expenditure. The following is an example of an entry which fails to provide the subject matter of the task performed:

J.Z. Krasnowiecki

12/7/82 2.50 Conference with John Weber, John Rainey, and Richard Howard, officers of Amatex

The following is an example of an entry containing lumped and questionable ("dust collectors"?) services:

M.E. Loomis

3/30/83 .25 Telephone John Rainey and E. McLear regarding removal of dust collectors; conference with G. Miller

Counsel may have thirty (30) days in which to file an amended application for the entries which have been disallowed for lack of specificity.

## F. PREPARATION OF FEE APPLICATION

 We have stated on numerous occasions in the past that time spent by attorneys or paralegals in researching attorneys' fee issues and preparing fee applications is not compensable from the debtor's estate. *In re Horn & Hardart Baking Co.*, 30 B.R. 938 (Bankr.E.D.Pa.1983); *In*

4. This figure was taken from page 2, paragraph 7 of the application. However, Exhibit B on

*re Absco, Inc.*, 23 B.R. 250 (Bankr.E.D.Pa. 1982); *In re Hotel Associates, Inc.*, 15 B.R. 487 (Bankr.E.D.Pa.1981). In deciding these cases, we relied upon the guidelines set forth by the Third Circuit Court of Appeals in *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 111 (3d Cir.1976), which held that services rendered in connection with a fee application were not compensable from a common fund. However, if the estate is solvent and all creditors' claims have been satisfied in full, reasonable compensation will be allowed to counsel for preparation of fee applications because there is no competing interest between the claims of creditors and the request for attorneys' fees from the estate. *Bible Deliverance*, 39 B.R. at 772.

Upon examination of the fee application before the Court, we note that there are several entries which claim compensation for services rendered in connection with attorneys' fees. Since there is no indication that this debtor-in-possession is solvent or that all creditors' claims have been paid in full, these entries have been disallowed.

## G. REIMBURSEMENT OF EXPENSES

 Finally, we note that the fee application for this period requests reimbursement of expenses, pursuant to section 330(a)(2), in the amount of $7,911.59.[4] Very little information is provided in the application regarding the nature of these expenditures. Only a breakdown by category is given. We stated in *American International Airways*, 47 B.R. at 725, that detail must be provided to substantiate the actual and necessary nature of expenditures. For example, when requesting reimbursement for telephone calls, counsel should specify the date of the call, the person to whom the call was made, the subject matter of the call, and the amount charged. This should not be difficult to do as the information should be readily available from the time records of the attorney.

page 105 of the application lists disbursements by category for a total of $7,921.64.

Counsel is directed to file an amended application with more detailed information regarding all of the expenditures within thirty (30) days, at which time the Court will consider counsel's request for reimbursement of these expenses.