**In re John Edward HENNING and Marilyn Joyce Henning, d/b/a Farmers.**

**Bankruptcy No. 183–00100.**

United States Bankruptcy Court,
D. South Dakota.

Dec. 20, 1985.

William L. Needler & Associates, Ltd., Chicago, Ill., for debtors John Edward Henning and Marilyn Joyce Henning.

Andrew J. Schmid, Office of the U.S. Trustee, Minneapolis, Minn., for U.S. Trustee William P. Westphal, Sr.

Greg L. Peterson, Bantz, Gosch, Cremer, Peterson & Oliver, Aberdeen, S.D., for Intern. Harvester Credit Corp.

Roy A. Wise, Richardson, Groseclose, Kornmann, Wyly, Wise & Klinkel, Aberdeen, S.D., for Creditors' Committee for the Bankruptcy Estate of John Edward Henning and Marilyn Joyce Henning.

R.D. Miller, Aberdeen, S.D., for First Bank of South Dakota (Nat. Ass'n), formerly First Bank (N.A.), Aberdeen, Aberdeen, S.D.

Daniel K. Alms, Executive Vice President, Palatine, Ill., pro se.

PEDER K. ECKER, Bankruptcy Judge.

This case is before the Court on two matters: a motion to reconsider, vacate, amend or modify the Court's Memorandum Decision and Order of August 29, 1985, regarding the fee application of counsel for the debtors, William L. Needler & Associates, Ltd.; and objections to the interim fee application of Alms Capital Corporation, financial consultants to the debtors. Hearings were held on October 18, 1985, in Aberdeen, South Dakota.

After careful consideration of all the files and the arguments of the parties, the Court will reaffirm its previous decision and order regarding the fees of William L. Needler & Associates, Ltd., and will allow compensation to Alms Capital Corporation in the amount of $4,717.04 for services and expenses incurred while employed by the debtors. The balance of the $10,000.00 retainer should be returned directly to the debtors within thirty (30) days after entry of the Court's order. This will be deemed its final compensation and the employment of Alms Capital Corporation is terminated.

## RECONSIDERATION OF PREVIOUS ORDER

The Court, in its Memorandum Decision and Order of August 29, 1985, 52 B.R. 350 (1985), reduced the hourly rates charged by the debtors' attorneys, William L. Needler & Associates, Ltd., by limiting the fees of William L. Needler to $100 per hour, those of Jeffrey P. White to $75 per hour, and those of other associates to $65 per hour. The Court also reduced the total award by twenty-five per cent (25%) for several reasons, including delay in certain matters and the uncomplicated nature of the case.

On September 12, 1985, the Needler firm filed the instant motion to reconsider, vacate, amend or modify the previous order, with a supporting memorandum. An additional memorandum was filed October 16, 1985. The United States Trustee and the attorney for the Creditors' Committee filed responses. At the hearing on reconsideration, Mr. Needler appeared for the firm and argued in support of the motion. In summary, his arguments were that the firm had adequately represented the debtors, that the debtors were entitled to counsel of their choice even if they chose a firm outside the jurisdiction, and that the Court was arbitrary in its method of reducing the fees. He further emphasized that the representation of farmers in bankruptcy was a difficult task and that the Court's refusal to approve the hourly rates requested, which were in excess of those charged by local attorneys, was unjustified and would discourage attorneys from representing farmers in bankruptcy.

This Court cannot agree. Under Section 330 of the Code, the Court has a duty to examine the compensation requested by the debtors' attorneys. Subsection (1) provides that this compensation is to be based on the nature, the extent, and the value of such services, the time spent on such services, and the comparable services

other than in a case under Chapter 11. The Notes of the Committee on the Judiciary emphasize that the compensation is to be reasonable, for economy in administration is the basic objective. Senate Report No. 95–969, U.S.Code Cong. & Admin.News 1978, p. 2723. There is an inherent public interest that must be considered when awarding fees. *Massachusetts Mutual Life Insurance Co. v. Brock,* 405 F.2d 429, 432 (5th Cir.1968), *cert. denied,* 395 U.S. 906, 89 S.Ct. 1748, 23 L.Ed.2d 220 (1969). An allowance is the result of a balance struck between moderation in the interest of the estate and its security holders and the need to be generous enough to encourage lawyers and others to render the necessary and exacting services that bankruptcy cases often require. *In re Yale Express System, Inc.,* 366 F.Supp. 1376, 1381 (S.D. N.Y.1973). Experienced counsel is well aware of these requirements.

■ In the instant case, the Court's reduction of the fees requested was supported by the record. The United States Trustee and the attorney for the Creditors' Committee filed objections to the fee request and presented arguments and testimony to support them at the time of hearing. This was not a complicated case. Outstanding debts totaled $753,343 and assets were listed at $962,118. An examination of the docket shows that the case was not heavily litigated. Several hearings were the result of creditors' motions to dismiss based upon the debtors' attorneys' failure to perform. The Court took these facts into consideration, as well as the testimony of Mr. Pfeiffer, a South Dakota attorney, with regard to the customary charges for services locally. Although this testimony was not controlling of what fees should be allowed, it was a valid point of reference. The Court in no way attempted to set a limit for all cases on hourly fees that may be charged by attorneys. Each case must be determined upon its facts according to the Code.

The Court feels compelled to add that it is well aware of the difficulties in representing farmers in bankruptcy. Many cases involving debtors in other occupations, however, offer similar challenges. The fact that the debtors are farmers does not alone justify high fees. Dozens of farm cases recently or currently pending before this Court involve more property, more creditors, and more unique problems. In the last few months, for example, this Court has heard matters involving the largest agricultural irrigation operation in the world and has established the value of registered Limousin bull semen.

In conclusion, the motion fails to allege any grounds for relief under Bankruptcy Rule 9023 (F.R. Civ. P. 59) or Bankruptcy Rule 9024 (F.R. Civ. P. 60), and this Court can find no other reason to change its previous decision. The order will stand.

## APPLICATION OF ALMS CAPITAL CORPORATION

■ On July 5, 1985, the United States Trustee filed an application to examine compensation of Alms Capital Corporation, financial consultant for the debtors. The Trustee's application was based upon the fact that the application for employment of Alms Capital Corporation was not served upon the United States Trustee prior to the entry of the order approving employment and that no application for compensation, interim or final, had ever been filed by Alms for court approval. The attorney for the Creditors' Committee joined in the request of the United States Trustee to deny compensation to Alms and order the return of any retainer received from the debtors. A hearing scheduled for August 12, 1985, was continued, and the Court instructed Alms to make proper application for fees to the Court. Alms filed its application on September 11, 1985. The United States Trustee and the attorney for the Creditors' Committee subsequently filed specific objections to the application and a hearing was held on October 18, 1985, in Aberdeen, South Dakota. At that time, the Court heard testimony from the debtor on the services performed by Alms and arguments from counsel. The United States Trustee, the attorney for the Creditors'

Committee, the debtors, and the debtors' attorney, Mr. Needler, all argued that the fees requested by Alms Capital Corporation were excessive. The attorney for the Creditors' Committee characterized Alms Capital Corporation as "vultures circling the dead carcass of the debtor" and "snake oil salesmen." Although the Court would not go quite that far, based upon an examination of the application, the files and docket sheet, and the objections and arguments of counsel, the Court finds the fees requested to be excessive and will reduce them as follows:

1. Considering Alms' failure to disclose the professional experience and the exact nature of each individual's work, the hourly rates allowed will be reduced to: Daniel K. Alms, $75 per hour; E.E. Alms, $75 per hour; Leo Kendra, $45 per hour; John A. Smith, $45 per hour; D. Douglas Warner, $45 per hour; Randall A. Miller, $45 per hour; James B. Weldon, $45 per hour; Mary Turner, $30 per hour; and Eileen Elliott, $30 per hour.

2. The request for travel expenses will be disallowed because it is not sufficiently documented.

3. The 1.5 hours charged by Daniel K. Alms for consultations with James Bakshis (1/18/84, 2/29/84) are disallowed because the connection to the case is not explained.

4. The hours attributed to the attempt to obtain financing through various creditors are reduced by one-half. The value of those services is too speculative to be compensated in the manner requested when no financing arrangement resulted.

5. The hours attributed to preparation of monthly reports are also reduced by one-half. The debtor testified that he prepared the reports and Alms simply typed and sent them in. The United States Trustee stated that the reports not required by the Trustee, which Alms prepared, were unnecessary.

6. Finally, in light of the vague explanation of services and their questionable value to the debtors and the estate, the Court will further reduce the total award by twenty-five per cent (25%). Fees will be allowed to Alms Capital Corporation in the amount of $4,717.04, and Alms will be ordered to return the balance of the $10,000.00 retainer received to the debtors directly within thirty (30) days of entry of the Court's order.

This letter decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and 9014 and F.R. Civ. P. 52. Appropriate orders will enter in accordance with Bankr.R.P. 9021.