**In re The LANDING, INC., Ponderosa Park Resort, Inc., Debtors.**

**Bankruptcy Nos. 688–01415, 688–01441.**

United States Bankruptcy Court,
N.D. Ohio.

Aug. 1, 1990.

---

Roger Stevenson, Roetzel & Andress, Akron, Ohio, for Chapter 11 Trustee.

Dean Wyman, Staff Atty., Office of U.S. Trustee, Cleveland, Ohio.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

The court has been requested by the firm of Roetzel & Andress (R & A), counsel for the Chapter 11 Trustee,[1] to award compensation at the full hourly rate for travel time. R & A has submitted eight interim fee applications in each of these cases. The U.S. Trustee (Trustee), has consistently objected to R & A's billing of travel time at counsel's full hourly rate. Pending resolution of this dispute, the court has awarded 50% of the requested travel time fees.

1. Although the cases are not substantively consolidated, the Chapter 11 Trustee, Ronald Rubenstein, is involved in both cases. The court has consolidated hearings on fee applications.

Following the court's instruction, R & A and the Trustee submitted briefs in support of their respective positions.

The court has jurisdiction in this matter by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### FACTS

Ponderosa Park Resorts, Inc. (Ponderosa) and the Landing, Inc. (Landing) (collectively, Debtors), filed voluntary petitions for relief under Chapter 11 of Title 11 on October 4–5, 1988. The Chapter 11 Trustee, Ronald M. Rubenstein, was appointed by Order of this Court on November 21, 1988. By further order, the Chapter 11 Trustee was authorized to retain R & A as counsel effective *nunc pro tunc* as of December 1, 1988. As of the date its brief was submitted, R & A had filed interim fee applications requesting compensation for legal services rendered and expense reimbursement through February 28, 1990.[2] Through that date, the court had allowed compensation of $181,443.79 to R & A. The Chapter 11 Trustee had paid $78,410.60 of that amount. Of the award, $66,735.44 remains to be paid, while another $36,288.75 has been deferred pending further order. In addition, R & A requested compensation at its full hourly billing rate for $11,535.00 in travel time. The court has authorized $5,767.50 or 50% of this amount pending resolution of this issue. In addition, by orders approved July 12, 1990, R & A was allowed an additional $27,491.25 in compensation for its Eighth Interim Fee Applications for the period March 1—April 30, 1990. Payment of $5,497.85 of the allowed sums was deferred pending further order. Compensation for travel time in the amount of $3,570.50 was requested, which

2. All monetary sums quoted are combined figures for both cases.

the court reduced by 50% as in the previous applications.

## DISCUSSION

■ 11 U.S.C. § 330(a)(1) authorizes the court, in its discretion, to award:

.  .  .  .  .

reasonable compensation for actual, necessary services rendered by ... [a] professional person ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title....

Section 331 of Title 11 applies the same standards to applications for interim compensation, which are presently before the court.

R & A's Brief details travel by counsel to various points in Northeastern Ohio to meet with the Chapter 11 Trustee, counsel for the camper/owners, lenders, law enforcement agencies, and to attend to business at the Debtors' sites. These trips ranged from 45 minutes to one and one half hours in length. R & A avers that such travel time was actual and necessary and urges that this court adopt the position in *In re Frontier Airlines, Inc.*, 74 B.R. 973 (Bankr.D.Col.1987), holding that reasonable and necessary travel time is compensable in full. The position in *Frontier Airlines* was adopted by Judge White of this District in *In re Revco D.S., Inc.*, Nos. 588–1308 et al. (N.D. Ohio June 16, 1989) (order granting interim compensation).

The Trustee urges that travel time be allowed at one-half the professional's normal hourly rate, citing several cases from other jurisdictions. Such a practice would, in the Trustee's view, encourage economy and make up for loss of compensation for local travel time,[3] which the Trustee states should be noncompensable.

Because the approaches taken by other courts deciding this issue range across a broad spectrum, a brief discussion of these decisions is necessary. Some cases follow the suggestion that local travel time is not compensable. *See, In re S.T.N. Enterpris-*

es, *Inc.*, 70 B.R. 823 (Bankr.D.Vt.1987); *In re Pothoven*, 84 B.R. 579 (Bankr.S.D.Iowa 1988). These cases also allow travel time over one hour to be compensated at 50% unless the application clearly shows legal services were performed during the travel time. *S.T.N. Enterprises*, 70 B.R. at 837, *Pothoven*, 84 B.R. at 585. Another avenue is to allow all travel time at a flat hourly rate. *See, In re Amatex Corp.*, 70 B.R. 624 (Bankr.E.D.Pa.1985) ($40.00/hour); *In re Sinor*, 87 B.R. 620 (Bankr.E.D.Calif. 1988) ($50.00/hour). Other courts have reduced compensation without the use of a standard flat rate or percentage. *See, In re C. & J. Oil Co., Inc.*, 81 B.R. 398 (Bankr. W.D.Va.1987) (allowing 75% of full compensation); *In re Microwave Products of America, Inc.*, 104 B.R. 900 (Bankr.W.D. Tenn.1989) (counsel awarded $100.00/hour for travel time while full billing rate was $225.00/hour). Finally, there are the cases which permit travel time compensation in full. *See, Frontier Airlines, supra; In re Carter*, 101 B.R. 170 (Bankr.D.S.D.1989).

■ This court agrees with R & A's position that we must be flexible in evaluating the travel time in each case to determine whether such time was necessary. Indeed, R & A's "leading" case, *Frontier Airlines*, makes a point of the difficulty and subjectivity involved in determining the allowance of fees:

[I]n the final analysis, while the time spent is a guide, it is only a guide and the fixing of professional fees remains an art and not a science.... [T]he Court ... must make a subjective evaluation of the reasonableness of the fees sought in light of the services rendered, the time constraints imposed, the difficulties of the problems which have been handled, the impact of the business on the attorney's ability to serve other clients, and the results achieved.

*Id.* at 979.

The court is therefore reluctant to accept the Trustee's position that local travel time

---

**3.** "Local" travel time is defined as being one hour or less in length.

should always be noncompensable[4] or that travel for a greater distance must be compensated at 50%.

While keeping with our policy of flexibility, we must not lose sight of the mandate of 11 U.S.C. § 330 that the court may award:

> *reasonable* compensation for *actual, necessary* services rendered ... (Emphasis added).

In its Brief R & A makes several sweeping statements regarding the necessity of travel, of numerous meetings at several locations, and that without this " 'hands on' attention" certain events "might be history" or "would not have been so readily accomplished." (R & A Brief, p. 4). While this is obviously R & A's view of the impact its members' travel had on various proceedings, the court need not accept it at face value.[5] Furthermore, R & A misreads Section 330 when it states that "necessary services are fully compensable." (R & A Brief, p. 8). This overlooks the cornerstone of the court's analysis in reviewing a request for compensation of any type—such compensation must be reasonable.

In cases such as the ones before us, involving numerous entities in different locations, some travel will always be necessary. The fact that parties are located in different cities should not automatically trigger an award in full for travel time. In *Sinor*, 87 B.R. at 622, 624, counsel traveled between several California cities for court appearances and meetings with the debtor and other counsel, yet the court awarded a flat $50.00/hour for travel time. Moreover, R & A's reliance on such cases as *In re Yankton College*, 101 B.R. 151 (Bankr. D.S.D.1989) and *In re Carter*, 101 B.R. 170 (Bankr.D.S.D.1989) is misplaced. While it is true that both of these cases awarded travel time in full, the court had a particu-

lar reason for doing so. As the District of South Dakota covers a great deal of territory under two bankruptcy judges, and only a limited number of bankruptcy attorneys practice within the District, "the debtor's ability to hire qualified counsel would be duly chilled if travel was not fully compensable." *Yankton*, 101 B.R. at 159. This reasoning simply cannot be applied in our own District, which not only has more courts in a smaller geographic area, but a large and competent bankruptcy bar.

While Judge White's June 16, 1989 Order in the *Revco* case awards travel time in full, it gives scant analysis for the holding on the face of the Order itself. Without a better understanding of the positions advanced by the respective *Revco* parties or the underlying basis for Judge White's ruling, this court respects the holding but does not regard it as dispositive under our facts. Also of note is Judge Bodoh's opinion in *In re Gillette Associates, Ltd.*, 101 B.R. 866, 880 (Bankr.N.D. Ohio 1989) which found that travel time charges of $109.16 per hour were excessive and reduced the charges accordingly.[6]

Perhaps the most persuasive view of travel time and its compensation was expressed by Judge Donald in *Microwave Products*, 104 B.R. at 908:

> Certainly, travel time is rarely totally productive, yet it is necessary. However, it is unreasonable to tax the estate at the professional's full hourly rate for time spent traveling.

This court agrees that in the cases at bar, it is unreasonable to tax these estates for R & A's travel time, some of which is billed at $150.00 per hour, at full hourly rates. The court finds that an award of 50% of travel time billed is reasonable compensation under 11 U.S.C. § 330. However, if R & A can show, in specific instances, that

---

**4.** The court notes that in *In re S.T.N. Enterprises, Inc.*, 70 B.R. 823, 837 (Bankr.D.Vt.1987), cited by the Trustee, Vermont Local Bankruptcy Rule 13 mandates that travel time under one hour is *non-compensable*. Our own District has no such rule.

**5.** The court queries whether, since R & A is "located centrally" to the various sites (R & A Brief, p. 4), it would have been simpler and

more feasible for the various parties to meet at the R & A offices.

**6.** Although these fees were awarded under 11 U.S.C. § 506(b), the court stated that the standards of 11 U.S.C. § 330 were applied in making its determination. *Gillette*, 101 B.R. at 880, n. 37.

travel time was concurrently used to prepare for meetings or court appearances, the court will consider an award of additional compensation. *See, e.g. In re Pothoven,* 84 B.R. at 585.

While emphasizing that this decision applies only to the parties in the cases at bar, the court commends the following suggestions of Judge Ecker for consideration by all bankruptcy practitioners:

> Attorneys should make every attempt to keep travel expenses at a minimum. Such things as encouraging client meetings in their office rather than traveling to an outsite, having documents delivered by paraprofessionals or office staff when personal delivery is necessary, and more use of teleconferencing are just a few examples that come to mind.

*Carter,* 101 B.R. at 173 (citations omitted). Utilizing these and other measures of economy, when appropriate, will not only save counsel time which could be spent on other billable matters, but will benefit the estate as a whole.

An order in accordance herewith shall issue.