**In the Matter of Orlando CANO, Graciela Cano, Debtors.**

**Bankruptcy No. N90–30279–WHD.**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Jan. 4, 1991.

---

Harry W. Pettigrew, Pettigrew & Trippe, P.C., Atlanta, Ga., for debtor.

Donald F. Walton, Asst. U.S. Trustee, R. Jeneane Treace, Atty.–Advisor, Office of the U.S. Trustee, Atlanta, Ga., U.S. Trustee.

### ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On August 10, 1990, counsel for the above referenced Debtors filed an application for interim compensation asking for $20,130.00 for attorney's fees, including $525.00 for travel time between Atlanta and the Newnan division representing 3.5 hours at Applicant's full hourly rate of $150.00, plus $493.87 for actual expenses. The United States Trustee's office filed comments concerning the application on August 20, one of which was that the travel time should not be compensated at a full hourly rate. This particular issue was taken under advisement at a hearing held on September 14.

■ The Bankruptcy Courts in this District have not definitively ruled on whether travel time between the divisions should be compensated at a full hourly rate, nor is there a consensus among the nation's bankruptcy courts as to how travel time should be compensated, *see, e.g., In re Seneca Oil Co.,* 65 B.R. 902, 909 (Bankr.W.D.Okl.1986) (travel time should not be billed); *In re Four Star Terminals, Inc.,* 42 B.R. 419, 442 (Bankr.D.Alaska 1984) (travel time not allowed absent exceptional circumstances); *In re Sinor,* 87 B.R. 620, 624 (Bankr.E.D. Cal.1988) ($50 per hour); *In re Amatex Corp.,* 70 B.R. 624, 627 (Bankr.E.D.Pa. 1985) ($40 per hour); *In re Pothoven,* 84 B.R. 579, 585 (Bankr.S.D.Iowa 1988) (½ of hourly rate); *In re S.T.N. Enterprises,* 70 B.R. 823, 837 (Bankr.D.Vt.1987) (½ of hourly rate); *In re C & J Oil Co.,* 81 B.R. 398, 404 (Bankr.W.D.Va.1987) (75% of hourly rate); *In re Carter,* 101 B.R. 170, 171 (Bankr.D.S.D.1989) (full hourly rate). Nonbankruptcy courts also do not provide a clear direction, *see, e.g., United States v. State of Washington,* 626 F.Supp. 1405, 1447 n. 23 (W.D.Wash.1985) ($40 per hour); *Maciera v. Pagan,* 698 F.2d 38, 40 (1st Cir.1983) (½ of hourly rate); *McDonald v. Armontrout,* 860 F.2d 1456, 1463 (8th Cir. 1988) (½ of hourly rate); *Rose Confections, Inc. v. Ambrosia Chocolate Co.,* 816 F.2d 381, 396 (8th Cir.1987) (full hourly rate); *Craik v. Minnesota State University Board,* 738 F.2d 348, 350 (8th Cir.1984) (full hourly rate). The only principle that is eminently clear from these cases is that the courts have broad discretion in awarding fees, *In re Temple Retirement Community,* 97 B.R. 333, 336 (Bankr.W.D.Tex.1989).

■ For guidance this Court shall look to § 330(a)(1) of the Bankruptcy Code, which allows "reasonable compensation for actual, necessary services," 11 U.S.C. § 330(a)(1) (1990), and the principles underlying it. The former Bankruptcy Act's preoccupation with frugality and economy to the estate's assets was abandoned in the new Code and was replaced by a concern for attracting quality practitioners to the bankruptcy field, *Boston and Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A.,* 778 F.2d 890, 897 (1st Cir.1985); *In re McCombs,* 751 F.2d 286, 288 (8th Cir.1984). Although economy to the estate is still a consideration when determining the appropriateness of fees, *Boston and Maine Corp.,* 778 F.2d at 898; *Carter,* 101 B.R. at 172; *Temple Retirement Community,* 97 B.R. at 336–37, this Court has previously held and still believes that bankruptcy courts must "insure that bankruptcy specialists receive no less compensation for the value of their services than their counterparts in other areas of the law, thereby insuring that highly qualified attorneys are attracted to the practice of bankruptcy law," *In re D'Lites of America,* 92 B.R. 554, 556 (Bankr.N.D.Ga.1988); *see also McCombs,* 751 F.2d at 288; *Carter,* 101 B.R. at 171.

■ Non-bankruptcy attorneys typically bill their travel time at the full hourly rate because it precludes them from engaging in other billable professional work, *Henry v. Webermeier,* 738 F.2d 188, 194 (7th Cir. 1984); *In re Pine,* 705 F.2d 936, 938 (7th Cir.1983). Because bankruptcy attorneys are no less entitled to compensation for opportunity costs, travel time should be considered as part of the total hours spent serving the client and should be reimbursed at the full hourly rate. Attorneys may not be as productive while travelling, but § 330(a)(1) does not demand that productivity be considered when awarding fees. Instead, as long as travel is necessary and the rate is reasonable, that provision is satisfied, *see Carter,* 101 B.R. at 173; *In re Frontier Airlines,* 74 B.R. 973, 979 (Bankr. D.Colo.1987).

■ Of course, reasonableness is an important factor. If, for example, the trip is unnecessary or the attorney would not have otherwise billed out the time, compensation is not called for, *Rose Confections,* 816 F.2d at 396; *Henry,* 738 F.2d at 194. Similarly, if the method of travel is overly luxurious or if travel fees become too large a percentage of the total requested compensation, the travel compensation should be reduced, *Henry,* 738 F.2d at 396; *Carter,* 101 B.R. at 173. These concerns are not raised in the present case, however. Accordingly, it is ORDERED that Debtors' counsel is entitled to full compensation for his travel time to the Newnan Division as set out in the Application.

IT IS SO ORDERED.