**In re RHEAM OF INDIANA, INC., Debtor.**

**Bankruptcy No. 87–06459S.**
**Civ. A. No. 88–3922.**

United States District Court,
E.D. Pennsylvania.

April 3, 1989.

Edward DiDonato, Jonathan Ganz, Philadelphia, Pa., for debtor.

Anthony Barone, Philadelphia, Pa., trustee.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

On December 29, 1987, Rheam of Indiana, Debtor, filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code. On January 19, 1988, the Assistant United States Trustee, James J. O'Connell, appointed Anthony Barone as Interim/Trustee for the bankruptcy estate.

Trustee Barone was served by debtor's landlord with a motion for relief from the Automatic Stay under Section 362 requesting permission to liquidate debtor's inventory in order to satisfy the administrative rent claim. The Trustee filed an application for the appointment of counsel to represent the Trustee in this contest with the landlord. On April 4, 1988, the Bankruptcy Court appointed the law firm of Ciardi, Fishbone & DiDonato as counsel for the Trustee. In an order appointing the firm, the Bankruptcy Judge limited the law firm's rate of compensation to $125 per hour. The law firm appealed.

Appellate jurisdiction is vested in this Court pursuant to 28 U.S.C. § 158(a).

On appeal, the law firm argues that the Bankruptcy Judge erred in limiting compensation to Trustee's Counsel to $125 per hour.

## DISCUSSION

The terms of employment of attorneys or other professionals is set out in 11 U.S.C. § 328(a) which provides:

"The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."

The appellants argue that limiting compensation of counsel to $125 per hour and imposing said limitation prior to services being performed is unreasonable.

Section 330 of the Bankruptcy Code authorizes compensation for services and reimbursement of expenses of professionals as follows:

"reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the time, the nature, the extent, and the value of such services and the cost of comparable services other than in a case under this title;"

Appellants argue that the "nature, extent and value of such services" cannot be determined in advance. The legislative history of Section 330 reflects the intent on the part of Congress to compensate bankruptcy practitioners similar to compensation earned by attorneys in other fields. The House Report on Section 330(a) states, in pertinent part, "...The effect of [Section 330] is to overrule ... cases that require fees to be determined on notions of conservation of the estate and economy of administration." H.R. No. 95–595, 95th Cong., 1st Sess. 330 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 6286.

The reasoning of the legislature in overruling the "strict rule of economy" doctrine was adopted by the United States Bankruptcy Appellate Panels of the Ninth Circuit in the matter of *In Re: Powerline Oil Company*, 71 B.R. 767 (9th Cir. BAP 1986). The panel found:

> The purpose of Code Section 330 was to overrule this (strict rule of economy) doctrine and to ensure adequate compensation for bankruptcy attorneys so that qualified specialists would not be forced to abandon the practice of bankruptcy law in favor of more remunerative kinds of work. *Id.* at 779.

The required procedure in awarding attorney's fees is established in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 166 (3d Cir.1973) (*Lindy I*) and *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 114 (3d Cir.1976) (*Lindy II*), and was more recently endorsed by the Third Circuit Task Force in "Court Awarded Attorney Fees, Report of the Third Circuit Task Force," 108 F.R.D. 237 (1985). The *Lindy I* and *II* analysis requires the Court to establish lodestars for attorney's fees by multiplying a reasonable hourly rate by the number of hours reasonably and necessarily spent performing services for the trustee.[1] In determining a reasonable hourly rate, the court must consider a number of factors, "including the difficulty of the task, the prevailing market rate for counsel of petitioner's experience, counsel's normal billing rate, and the rates awarded by other courts under similar circumstances." *Jungkurth*, 87 B.R. at 337 (citing *Swicker v. William Armstrong & Sons, Inc.*, 484 F.Supp. 762, 767 (E.D.Pa.1980). A major factor in this determination is the quality of the attorney's work in the particular case. *Lindy II*, 540 F.2d at 114; *Baughman v. Wilson Freight Forwarding Co.*, 583 F.2d 1208, 1216–17 (3d Cir.1978).

Upon review of the record on appeal and the brief filed by the appellant, this Court finds that the Bankruptcy Court's predetermination of the hourly compensation at $125 per hour is inconsistent with the aforesaid authority. Therefore, the order limiting appellant's hourly compensation to $125 is vacated and the issue of attorney compensation is remanded to the Bankruptcy Court for further proceedings consistent with this opinion.

---

1. *See also, Jungkurth v. Eastern Financial Services, Inc.,* 87 B.R. 333, 337 (E.D.Pa.1988).