**In re C & A ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 81-0693-BM. Motion Nos. 85-4224M, 91-4319M.**

United States Bankruptcy Court, W.D. Pennsylvania.

Oct. 17, 1991.

Joseph J. Bonistalli, Bonistalli & McKeown, Pittsburgh, Pa., former counsel for debtor.

James A. Lewis, Rothman, Gordon, Foreman & Groudine, Pittsburgh, Pa., Chapter 7 Trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Several matters are before the court at this time.

Joseph J. Bonistalli, former counsel to debtor, has submitted applications seeking

compensation in the amount of $9,870.00 and $113.85 for expenses incurred. Counsel will be awarded a total of $4,751.50 in compensation and will not be reimbursed for expenses.

James A. Lewis, chapter 7 trustee, has submitted an application pursuant to 11 U.S.C. § 326(a) for compensation in the amount of $1,433.96. He will be awarded $6.40 in compensation.

The law firm of Rothman, Gordon, Foreman & Groudine, counsel to the chapter 7 trustee, has submitted an application seeking compensation in the amount of $11,615.35 and $70.85 for expenses incurred. Counsel to the trustee will be awarded $4,508.00 in compensation and $70.85 for its expenses.

Finally, the chapter 7 trustee has submitted a proposed final distribution to creditors. Of the $53,026.01 presently available for distribution, the trustee proposes to distribute $28,795.10 (or 54.3%) to chapter 7 and chapter 11 administrative claimants. He further proposes distributing $672.94 to holders of priority claims and the remaining $23,557.97 on a *pro rata* basis to general unsecured creditors. The trustee will be directed to reduce distribution to various chapter 7 and chapter 11 administrative claimants by $13,767.26, in accordance with the analysis set forth below, and to increase distribution by that same amount to remaining creditors. As collegiality sometimes takes precedence over court orders in this forum, we state the obvious. The creditors of this debtor have been denied access to funds rightfully owed to them for approximately a decade. Distribution shall be made forthwith, unless stayed by a court with authority to do so.

–I–

FACTS

Debtor filed a voluntary chapter 11 petition on March 19, 1981. Appended thereto was an application to employ the law firm of McCrady, Kreimer, Ravick & Bonistalli

as counsel to debtor. No Order expressly granting or denying the application was ever issued by the court.

Debtor sold its assets and ceased doing business on April 10, 1981. Clearly no true reorganization pursuant to chapter 11 was ever contemplated.

Counsel to debtor submitted an application on October 18, 1982, for $7,950.00 in interim compensation and $106.85 in expenses for services rendered between March 24, 1981, and September 28, 1982.

Early on debtor demanded that his counsel convert this case to chapter 7 so as to make a prompt distribution. When this action did not occur, debtor's principal individually submitted a petition to convert the case to a chapter 7 proceeding on December 6, 1982. The petition was signed by Clifton Gatehouse, Vice President of debtor, and asked that no chapter 7 trustee be appointed; that chapter 11 administrative expenses be paid; and that distribution of funds gathered by debtor be made to unsecured creditors.

Counsel to debtor submitted an application on December 15, 1982, for $875.00 in additional interim compensation and $2.40 in expenses for services rendered between September 29, 1982, and December 14, 1982.

The case was converted to a chapter 7 proceeding on February 23, 1983. James A. Lewis was appointed as chapter 7 trustee on February 28, 1983. On March 15, 1983, the trustee submitted an application to employ the law firm of Rothman, Gordon, Foreman & Groudine as counsel to the chapter 7 trustee.[1] An Order approving the application was issued by the court on March 28, 1983.

Counsel to debtor submitted a third application on October 23, 1983, requesting $1,900.00 in additional compensation and $4.60 in expenses for services rendered between December 15, 1982, and May 16, 1983.

---

**1.** The chapter 7 trustee is a member of the law firm of Rothman, Gordon, Foreman & Groud- ine.

An Order of Court was issued on February 7, 1986, stating that the fee application of counsel to debtor would be considered at the appropriate time. The order further directed counsel to debtor to remit to the trustee any funds received by him as counsel to debtor. The trustee was directed to place such funds in an interest-bearing account.

No further activity occurred in this case until October 31, 1989, when an order was issued by the court directing the trustee to submit either a report of no distribution or a status report within thirty (30) days. The trustee responded by submitting a status report on November 30, 1989.

Nothing further happened in the case for an additional ten (10) months, until an order was issued by the court on September 19, 1990, directing the trustee to submit a status report within thirty (30) days. On October 19, 1990, the trustee submitted a status report which stated that all assets had been liquidated and that a proposed final distribution would be submitted within fourteen (14) days.

Fourteen (14) days came and went without the trustee submitting a proposed final distribution. Some six (6) months later, the United States Trustee submitted a motion requesting a deadline for the submission by the chapter 7 trustee of a proposed final distribution and a final account. An order was issued by the court on May 7, 1991, directing the trustee to submit a status report or a proposed final distribution within thirty (30) days.

On June 5, 1991, the trustee filed with the court a final account, an application for compensation in the amount of $1,433.96, and a proposed final distribution.

That same day, counsel to the chapter 7 trustee submitted an application for compensation in the amount of $11,544.50 and for $70.85 in expenses for services rendered between March 16, 1983, and October 9, 1989.

On June 14, 1991, the United States Trustee objected to the proposal by the chapter 7 trustee to make distribution to debtor's counsel on the ground that no order authorizing his employment as debtor's counsel appears on the case docket.

On August 12, 1991, Alexandra Gatehouse objected on various grounds to the fee applications of counsel to debtor and of counsel to the chapter 7 trustee.

–II–

## GENERAL STATEMENT OF APPLICABLE LAW

Section 330 of the Bankruptcy Code provides in pertinent part as follows:

(a) After notice to any parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, based on the nature, extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

Bankruptcy Rule 2016 further provides as follows:

(a) *Application for Compensation or Reimbursement.*

A person seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended, and expenses incurred, and (2) the amounts requested ...

The bankruptcy court has the independent authority and responsibility to determine the reasonableness of compensation. *In re Meade Land and Development Co.*, 527 F.2d 280, 283 (3rd Cir.1975); *Matter of Affinito & Son, Inc.*, 63 B.R. 495, 497 (Bankr.W.D.Pa.1986). However, the

**308**

burden of proof as to the reasonableness of requested compensation remains with the applicant at all times. *Matter of Affinito & Son, Inc.*, 63 B.R. at 497.

■ In addition to the requirements set forth in Bankruptcy Rule 2016, a proper fee application must separately list each activity, the date on which it was performed, the attorney who performed the work, a description of the work or the subject matter of the work, and the time spent on the work. *Matter of Affinito & Son, Inc.*, 63 B.R. at 497.

The established procedure in this circuit in awarding attorney's fees is set forth in *Lindy Bros., Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 166 (3rd Cir.1973) (*Lindy I*) and *Lindy Bros. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 114 (3rd Cir.1976) (*Lindy II*). This procedure was recently endorsed by the Third Circuit Task Force in "Court Awarded Attorney Fees, Report of the Third Circuit Task Force", 108 FRD 237 (1985); *see also*, Update on Third Circuit Fee Task Report on Court Awarded Attorneys Fees—Statutory Fee Cases, Dean Mark A. Nordenberg, University of Pittsburgh School of Law, September 13, 1991.

■ *Lindy I* and *Lindy II* require the court to determine a "lodestar" for attorney's fees by multiplying a reasonable hourly rate by the number of hours reasonably and necessarily spent performing services for the trustee. *In re Rheam of Indiana, Inc.*, 98 B.R. 193, 194 (E.D.Pa. 1989). In determining a reasonable hourly rate, the court must consider several factors, including the difficulty of the task, the prevailing market rate, counsel's normal billing rate, and rates awarded by other courts under similar circumstances. *In re Rheam of Indiana*, 98 B.R. at 194.

–III–

## APPLICATION OF COUNSEL TO DEBTOR

■ As a general matter, an attorney representing a debtor must be approved by the bankruptcy court before he or she is entitled to an award of compensation from estate assets. *In re B. Miller, Inc.*, 76 B.R. 621, 623 (Bankr.S.D. Ohio 1987). The court may, however, grant retroactive (or *nunc pro tunc*) approval of professional employment in "extraordinary circumstances". *In re Arkansas*, 798 F.2d 645, 646 (3rd Cir.1986).

■ Although an application to employ applicant as debtor's counsel was submitted with the bankruptcy petition, the record contains no indication that the application was ever expressly acted upon by the bankruptcy judge to whom this case had been assigned when it was commenced. The application itself, although present in the case file, was never docketed as such. In addition, there is nothing in the case file or on the docket to indicate that the court ever expressly granted or denied the application.

However, there is indication that the court did in fact authorize counsel's appointment as counsel to debtor. On April 10, 1981, approximately three (3) weeks after the filing of the bankruptcy petition, a form order was entered by the court designating Joseph Bonistalli, "attorney for the debtor-in-possession", as presiding officer at the section 341 meeting of creditors. The implication of the reference to "attorney for debtor-in-possession" is that the court was cognizant of the application to serve as counsel to debtor and that the court had acted favorably on the request. The failure of the court to enter an order with regard to the matter evidently was due to oversight.

Counsel to debtor seeks a total of $9,870.00 in compensation for 82.9 hours of service rendered between March 24, 1981 and May 16, 1983 and $113.85 for expenses incurred.

■ Of that amount, 6.3 hours were spent by counsel *after* the case had been converted from a chapter 11 to a chapter 7 and counsel to debtor had been rendered superfluous. In order for legal services to be compensable, they must have benefitted the bankruptcy estate. *In re Reed*, 890

F.2d 104, 105 (8th Cir.1989); *In re James Contracting Group, Inc.*, 120 B.R. 868, 877 (Bankr.N.D.Ohio 1990). None of the 6.3 hours expended by counsel to debtor after conversion to chapter 7 benefitted the bankruptcy estate. Consequently, those services are not compensable.

 Services rendered are compensable only if they were actual and necessary. 11 U.S.C. § 330(a)(1); *In re Yankton College*, 101 B.R. 151, 157 (Bankr. D.S.D.1989). Approximately twenty-five percent (25%) of the entries on the itemized time records submitted by counsel to debtor lack significant specificity to enable the court to determine whether those services were necessary or not. For example, the records submitted by counsel contain vague entries such as "phone call from ____", or "mail from ____", or "office conference". To the contrary, during this period when counsel was churning out a brand of legalese, his client was arguing and thereafter demanding an end to this charade. We see no benefit to the client and clearly no benefit to the estate. The hours of service for which counsel to debtor will be compensated shall be reduced accordingly by an additional 20.7 hours (82.9 × 25% = 20.7).

Twenty-seven (27) hours of the services rendered by counsel to debtor are not compensable (6.3 + 20.7 = 27.0). Counsel will be compensated for 55.9 hours of services rendered (82.9 − 27.0 = 55.9).

 Counsel's request that he be compensated at the hourly rate of $125.00 is excessive in this particular case. He is entitled to *reasonable* compensation for necessary services actually provided "based on the nature, extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title". 11 U.S.C. § 330(a)(1).

Counsel had agreed with debtor prior to the filing of the bankruptcy petition on March 19, 1981, that an hourly rate of $85.00 was reasonable compensation for services that would be provided. In so doing, counsel effectively had agreed that an hourly rate of $85.00 was comparable to the market rate for such services in 1981. Counsel provided no coherent explanation to the court why $125.00 should be a reasonable hourly rate for the kinds of services it rendered at that time. Certainly none of the services rendered was unusually complex or involved novel legal issues. The court finds that $85.00 is a reasonable hourly rate for the services provided by counsel at the time they were provided— i.e., during 1981 through 1983.

Counsel will be awarded a total of $4,751.50 in compensation for the services provided (55.9 × $85.00 = $4,751.50).

 The request for $113.85 for expenses incurred must be denied because no records of expenses incurred were submitted, as is required by Bankruptcy Rule 2016(a). As a consequence, it is not possible to ascertain whether those expenses were actual and necessary. 11 U.S.C. § 330(a)(2).

–IV–

## APPLICATION OF CHAPTER 7 TRUSTEE

The chapter 7 trustee has received a total of $55,396.01, of which $53,026.01 presently is available for distribution.

 The trustee seeks compensation in the amount of $1,433.96 pursuant to 11 U.S.C. § 326(a), which at the time of his appointment provided as follows:

(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title to the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, three percent on any amount in excess of $3,000 but not in excess of $20,000, two percent on any amount in excess of $20,000 but not in excess of $50,000, and one percent on any amount in excess of $50,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest,

excluding the debtor, but including holders of secured claims.

This provision merely fixes the *maximum* compensation of a trustee. The standard for fixing the precise amount of compensation is contained in section 330. The limits in this section, together with those in section 330, are to be viewed as "outer limits", and not as grants or entitlements to the maximum amounts specified. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 327 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6283; *also* S.Rep.No. 989, 95th Cong., 2d Sess, 37–38 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5823, 5824.

▮▮▮ The Bankruptcy Code demands results, since the trustee's maximum compensation is based on a percentage of the money disbursed, regardless of time spent on the case. *See* 11 U.S.C. § 326(a). "Success is the test applied by the business world in measuring compensation. It is largely so in the courts. As a rule, professional services which yield no results command no high reward." *In re Doctors,* 4 B.R. 346, 347 (Bankr.E.D.Pa.1980). Work performed by a trustee which is inadequate or severely deficient may serve as a basis for a reduced fee. *See Southwestern Media, Inc. v. Rau,* 708 F.2d 419, 428 n. 15 (9th Cir.1983).

▮▮▮ The trustee will be awarded the sum of $6.40 in compensation for reasons set forth below.

To begin with, the trustee played virtually no role in the gathering of the $55,395.01 which the trustee had in his possession. Only $42.67 of that amount had been gathered as a result of the trustee's own efforts. The remaining $55,352.34 was due either to the efforts of the debtor during the chapter 11 phase of this case or to interest on those funds which accrued during the several years of total inactivity by the trustee which was detailed previously.

The sum of $34,473.87 was collected *by debtor* prior to conversion and was turned over to the trustee on March 23, 1983. In addition, a tax refund in the amount of $194.04, from the Commonwealth of Pennsylvania, which *debtor* had applied for, was received by the trustee on March 18, 1983. Finally, interest totaling $20,684.43 has accrued on funds held by the trustee since April of 1983.

The failure of the trustee to take steps to disburse these funds to creditors typifies his performance in this case. Review of the case docket indicates that the trustee did nothing of record to bring this case to a conclusion for approximately seventy-seven (77) months! On July 6, 1983, the trustee sought leave of court to pay an accountant for services rendered. The next action of record was taken by the trustee on November 30, 1989, when he submitted a status report pursuant to an Order of this court directing him to do so. Had the trustee not been prodded into action by the court, it is likely that he would have done nothing in this case even to the present time.

The compensation to be awarded to the trustee in this case should be commensurate with the minimal effort he expended in performing his duties as trustee. His compensation will be based on the $42.67 in assets which were gathered as a result of his own efforts. Pursuant to 11 U.S.C. § 326(a), the trustee will be awarded fifteen percent of that amount, or $6.40 ($42.67 × 15% = $6.40).

–V–

## APPLICATION OF COUNSEL TO CHAPTER 7 TRUSTEE

The law firm of Rothman, Gordon, Foreman & Groudine, counsel to the chapter 7 trustee, seeks compensation in the amount of $11,544.50 and $70.85 in expenses for services rendered between March 16, 1983 and October 9, 1989.

Compensation is sought as follows:

| Name | Description | Hourly Rate | Hours | Amount |
|------|-------------|-------------|-------|--------|
| James A. Lewis | Attorney | $165.00 | 58.40 | $ 9,636.00 |
| Denise Ford | Attorney | 125.00 | 6.10 | 762.50 |
| Charlotte Cholok | Paralegal | 45.00 | .70 | 31.50 |
| Leslie Wershbale | Paralegal | 45.00 | 4.10 | 184.50 |
| Linda Salsberry | Paralegal | 45.00 | 18.60 | 930.00 |
| | | | | $11,544.50 |

■ An Order was issued by the court on March 28, 1983, authorizing the law firm of Rothman, Gordon, Foreman & Groudine to serve as counsel to the trustee. The application to employ it as counsel did not request that the appointment be made *nunc pro tunc.* Counsel seeks to be compensated for 2.6 hours of work performed by attorney Lewis prior to March 28, 1983. Time spent by counsel prior to its appointment by the court is *not* compensable. *See In re Wittman Engineering & Mfg. Co., Inc.,* 66 B.R. 488, 489 (Bankr.N.D.Ill.1986).

■ A further difficulty with the time records submitted by counsel in support of its fee application is that several activities have been "clumped" under a single block of time. It is not possible to determine the reasonableness of the time expended and the necessity of the various activities. *See Matter of Affinito & Son, Inc.,* 63 B.R. 495, 498 (Bankr.W.D.Pa.1986). Approximately seventeen (17) hours spent by attorney Lewis consists of several different activities "clumped" together in a single block of time. Such activities are not compensable.

■ Also, the time records submitted by counsel contain entries which lack sufficient specificity to enable a determination as to whether those services were "necessary", as is required by 11 U.S.C. § 330(a)(1). For example, several entries merely list "telephone conference with ____", "conference with ____", or "correspondence with ____". Approximately 7.5 hours spent by attorney Lewis, 2.0 hours spent by attorney Ford, and 3.1 hours spent by paralegal Wershbale are deficient in this regard and therefore are not compensable.

■ Moreover, approximately fifteen (15) hours were spent by paralegal Salsberry between October 10, 1985 and October 9, 1989 reviewing monthly bank statements and balancing a ledger. These services were rendered during that protracted period when the trustee was dilatory and failed to take steps necessary to bring this case to completion. In order for services to be compensable, they must have benefitted the bankruptcy estate in some way. *See In re James Contracting Group, Inc.,* 120 B.R. at 872. These services unquestionably were not beneficial to the estate or to creditors. They were performed only because funds which the trustee had failed to distribute continued to remain in various bank accounts. The services were rendered due to the trustee's inaction.

■ Finally, the hourly rates proposed for the services rendered by the above individuals are unquestionably exorbitant and will be reduced accordingly to reflect market rates for such services when they were rendered several years ago. Compensation will be awarded on the following basis:

| Name | Description | Hourly Rate | Hours | Amount |
|------|-------------|-------------|-------|--------|
| James A. Lewis | Attorney | $125.00 | 31.30 | $3,912.50 |
| Denise Ford | Attorney | 100.00 | 4.10 | 410.00 |
| Charlotte Cholok | Paralegal | 35.00 | .70 | 24.50 |
| Leslie Wershbale | Paralegal | 35.00 | 1.00 | 35.00 |
| Linda Salsberry | Paralegal | 35.00 | 3.60 | 126.00 |
| | | | | $4,508.00 |

Counsel will also be awarded $70.85 for expenses incurred during the time that it represented the trustee. The court has reviewed the documentation submitted in support thereof and finds that those expenses were actual and necessary.

## –VI–

### PROPOSED FINAL DISTRIBUTION

The sum of $53,026.01 is presently available for distribution. The trustee has proposed the following distribution.

He proposes distributing the sum of $12,297.56 to chapter 7 administrative expenses as follows:

| | |
|---|---|
| Clerk, U.S. Bankruptcy Court | $ 55.25 |
| Chapter 7 Trustee | 1,433.96 |
| Counsel To Chapter 7 Trustee | 10,808.35[2] |
| Total: | $12,480.09 |

The trustee proposes distributing the sum of $16,497.54 to chapter 11 administrative expenses as follows:

| | |
|---|---|
| Counsel To Debtor | $ 9,983.85 |
| Clerk, U.S. Bankruptcy Court | 2.00 |
| Others | 6,511.69 |
| Total: | $16,497.54 |

· He further proposes distributing the sum of $672.94 to priority tax claimants, and the remaining $23,557.97 to general unsecured creditors.[3]

The amounts to be distributed to chapter 7 and chapter 11 administrative claims are to be reduced as follows:

— The total distribution to counsel to debtor is to be reduced from $9,983.85 to $4,751.50.

— The total distribution to the chapter 7 trustee is to be reduced from $1,433.96 to $6.40.

— The total distribution to counsel to the chapter 7 trustee is to be reduced from $11,615.35 to $4,578.85.

— The distribution to chapter 7 and chapter 11 administrative claimants is to be reduced by a total of $13,696.41. The trustee will be directed to distribute these funds to remaining creditors in accordance with the provision of the Bankruptcy Code. Distribution is to be made forthwith, unless stayed by a court with authority to do so.

An appropriate Order will be issued, which under these circumstances is not harsh. Some may argue it is charitable.

---

**2.** The record does not reflect why the trustee has proposed distributing to counsel to the trustee an amount that is less than the total request of $11,615.35 sought by counsel to the trustee.

**3.** This proposed distribution to general unsecured creditors amounts to a mere 7.02% of the total amount of their claims.