**In re CARIBBEAN CONSTRUCTION SERVICES, INC., Debtor.**

**No. 1–93–00024–BM.**

United States Bankruptcy Court,
D. Virgin Islands,
St. Croix Division.

Aug. 29, 2002.

Fifth Claims of the Second Amended Complaint ("GECC Opening Br.") at 2.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

The sum of $72,768.28 is available in this case for distribution to debtor's creditors.

The chapter 7 trustee, counsel to the chapter 7 trustee, and special counsel to the chapter 7 trustee have submitted applications requesting compensation for services they have provided in this case and for reimbursement of their expenses. The total amount they request is $69,653.74, approximately 95.7% of what is available for distribution. While professionals who perform services in a bankruptcy case should be amply compensated for their time and effort, the compensation requested in this case is excessive and shall be reduced accordingly. We acknowledge that the professionals convinced defendant Thelen Reid & Priest (hereinafter "Thelen"), counsel to defendant Henry Ziegler (hereinafter "Ziegler"), to disgorge inappropriately paid fees and, created this res. Notwithstanding that, serious consider-ation must also be given to the creditors of this debtor who have been paid little or nothing on the debts that are the basis and foundation of this case.

Chapter 7 trustee John Ellis requests the maximum trustee compensation in the amount of $6,889.31 for his services and reimbursement of his expenses in the amount of $68.82. The total amount he requests is $6,955.13. As he was at most an observer in this case, we will reduce compensation for his services to $3,500.00 and will grant his request for reimbursement of expenses in the amount of $68.82.

Attorney Kevin Rames, counsel to the chapter 7 trustee, requests compensation in the amount of $17,647.50 for his legal services and reimbursement of his expenses in the amount of $370.98. The total amount he requests is $18,018.48. We will reduce compensation for his services to $10,985.50 and will grant his request for reimbursement of expenses in the amount of $370.98.

Attorney Carol Rich, special counsel to the chapter 7 trustee, requests compensation in the amount of $41,320.00 for her legal services and reimbursement of her expenses in the amount of $3,357.13. The total amount she requests is $44,677.13. We will reduce the compensation for her services to $33,060.00 and will grant her request for reimbursement of expenses in the amount of $3,357.13.

### –FACTS–

An involuntary chapter 7 petition was brought against debtor on December 13, 1993. The order for relief was entered on June 29, 1994. A chapter 7 trustee was appointed on July 27, 1994.

The case was converted to a chapter 11 proceeding on November 17, 1994, and was reconverted to a chapter 7 proceeding on February 1, 1996. Kevin Rames was ap-

pointed as chapter 7 trustee after reconversion.

Henry Ziegler, debtor's sole shareholder and principal, brought a civil action in debtor's name in state court in New York against Zurich Insurance Company in 1994. The chapter 7 trustee neither knew of the lawsuit nor was involved in its prosecution. Thelen served as counsel to Ziegler in prosecuting the lawsuit.

While the above lawsuit was pending, the bankruptcy case was closed on December 26, 1996, after the chapter 7 trustee issued a report of no distribution.

Summary judgment in the amount of $226,733.99 was entered in 1997 in favor of debtor and against Zurich Insurance with respect to Count I of the complaint of the lawsuit pending in state court in New York. In July of 1998, after Zurich had satisfied the judgment, Thelen was paid the sum of $72,786.28 in legal fees by Henry Ziegler, who retained the remainder of the satisfaction for himself.

A verdict and judgment in the amount of $1,079,293.15 was entered in August of 1998 in favor of debtor and against Zurich Insurance with respect to Count II of the complaint in the lawsuit. Zurich Insurance appealed the judgment.

Upon learning of the above lawsuit in New York, the United States trustee brought a motion on December 11, 2000, some four years after it was closed, to reopen debtor's bankruptcy case. The motion to reopen was promptly granted on December 22, 2000. John Ellis was appointed as chapter 7 trustee shortly thereafter on December 29, 2000.

On January 23, 2001, Kevin Rames, the chapter 7 trustee in this bankruptcy case when it was closed in December of 1996, was appointed on a contingency fee basis as special counsel to the chapter 7 trustee for the purpose of recovering bankruptcy estate assets. He was to be paid one-third of anything recovered on behalf of the bankruptcy estate.

Henry Ziegler brought Adversary No. 001–001 against chapter 7 trustee Ellis and attorney Rames on April 12, 2001. In Count I of the complaint Ziegler sought a declaration that the chapter 7 trustee had abandoned debtor's claim against Zurich Insurance and that it belonged to Ziegler as debtor's sole shareholder. He also requested an injunction prohibiting chapter 7 trustee Ellis and attorney Rames from interfering with his pursuit of the lawsuit. Ziegler alleged in Count II of the complaint that chapter 7 trustee Ellis and attorney Rames had tortiously interfered with his relationship with Thelen and with his further prosecution of the above lawsuit against Zurich Insurance and requested money damages.

Chapter 7 trustee Ellis brought a motion on April 24, 2001, to employ attorney Carol A. Rich and her law firm as special counsel for the limited purpose of representing the chapter 7 trustee as defendant in the above adversary action brought by Ziegler. The motion was granted on May 17, 2001.

In addition to answering the complaint, chapter 7 trustee Ellis asserted various counterclaims against Ziegler and a third-party complaint against Thelen.

That portion of the order of January 23, 2001, appointing attorney Rames on a contingency fee basis as counsel to the chapter 7 trustee was vacated on June 5, 2001. Attorney Rames was to be compensated for his services in accordance with the requirements set forth in § 330 of the Bankruptcy Code rather than on a contingency fee basis.

Thelen answered the chapter 7 trustee's counterclaim on June 20, 2001. It also asserted a counterclaim of its own against the chapter 7 trustee seeking compensa-

tion for its representation of debtor in the lawsuit against Zurich Insurance and for costs it had incurred in so doing.

On August 2, 2001, a New York appellate court reversed the judgment with respect to Count II of the complaint in favor of debtor and against Zurich insurance in the amount of $1,079,239.15.

Shortly thereafter, on August 28, 2001, Henry Ziegler threw in the towel and brought a motion seeking voluntary dismissal with prejudice of his claims in the above adversary action against chapter 7 trustee Ellis and attorney Rames. The motion was granted on November 11, 2001. Dismissal of these claims left unaffected the counterclaim of the chapter 7 trustee against Ziegler and the chapter 7 trustee's third-party complaint against Thelen as well as its counterclaim against the chapter 7 trustee.

On January 14, 2002, the chapter 7 trustee brought a motion to approve a settlement of his third-party complaint against Thelen and its counterclaim against him. Thelen agreed to turn over to the chapter 7 trustee the compensation it had received from Henry Ziegler for services it rendered in the action against Zurich Insurance—i.e., $72,768.28—and agreed to dismissal of its counterclaim against the chapter 7 trustee. In return, the chapter 7 trustee agreed to dismissal of his third-party complaint against Thelen. The motion was granted on February 14, 2002.

Attorney Rich, special counsel to the chapter 7 trustee in the above adversary action, submitted on February 1, 2002, a first interim application for allowance of attorney's fees and expenses. She requested payment of $23,940.00 in attorney's fees and $2,559.51 in expenses for the period from April 18, 2001, through December 31, 2001. The total amount she requested was $26,499.51.

Chapter 7 trustee Ellis brought a motion on April 5, 2002, to approve a settlement of his counterclaim against Henry Ziegler, who consented to entry of a judgment against him in the amount of $206,121.15. The motion was approved and a consent judgment in this amount was entered on April 11, 2002.

Attorney Rich submitted a second and final application on April 17, 2002, for allowance of attorney's fees in the amount of $7,380.00 and expenses in the amount of $797.62. The total amount requested was $8,177.62 and covers the period from January 1, 2002, through April 4, 2002.

Chapter 7 trustee Ellis submitted an application on April 25, 2002, for payment of trustee's fees in the amount of $6,889.31 and expenses in the amount of $68.82. The total amount requested was $6,985.13.

Attorney Rames submitted an application on May 15, 2002, for payment of attorney's fees in the amount of $17,647.50 and expenses in the amount of $370.98. The total amount requested was $18,018.48.

A hearing on the above applications and the objections thereto of the United States trustee and Virgin Islands Bureau of Internal Revenue was held on July 2, 2002.

–DISCUSSION–

After notice and a hearing, and subject to §§ 326, 328, and 329 of the Bankruptcy Code, a bankruptcy court may award to a trustee in a case or a professional person employed pursuant to § 327 reasonable compensation for actual, necessary services rendered and reimbursement of actual, necessary expenses. 11 U.S.C. § 330(a)(1).

On its own motion or on motion by the United States trustee, the trustee for the estate, or any other party in interest, the court may award less compensation than

the applicant requested. 11 U.S.C. § 330(a)(2).

■ When considering the amount of reasonable compensation to award, we must consider the nature, extent, and value of the services provided, taking all relevant factors into account. Relevant factors include: (1) the time spent in providing such services; (2) the rate charged for such services; (3) whether the services are necessary to the administration of the estate or were beneficial at the time rendered toward completion of the case; and (4) whether the compensation is reasonable based on what a comparably skilled non-bankruptcy practitioner would charge for similar services. 11 U.S.C. § 330(a)(3)(A).

Compensation is not allowed for unnecessary duplication of services or for services that are not reasonably likely to benefit the bankruptcy estate or that are not necessary for administration of the estate. 11 U.S.C. § 330(a)(4)(A).

■ We have not only the power but also a duty to scrutinize fee applications even in the absence of any objection thereto. This duty arises not from any express provision of the Bankruptcy Code, but from our inherent obligation to monitor a debtor's estate and to further the public interest. *In re Busy Beaver Building Centers, Inc.,* 19 F.3d 833, 841 (3d Cir. 1994). Although the task frequently may be distasteful, at times even onerous, we are obligated to protect the estate against overreaching attorneys or other professionals who would deplete the estate of assets which otherwise would inure to the benefit of unsecured creditors. *Id.,* 19 F.3d at 844.

■ Because our time and resources are scarce, however, we need correct only reasonably discernable abuses and need not punctiliously ascertain to the dollar the

fee to which an applicant is entitled. *Id.,* 19 F.3d at 845.

■ A fee applicant has the burden of proving that he or she has earned the fee requested and that the amount requested is reasonable. *Zolfo, Cooper & Co. v. Sunbeam–Oster Co., Inc.,* 50 F.3d 253, 261 (3d Cir.1995).

As was noted previously, a total of $72,768.28 is available for distribution to creditors. The chapter 7 trustee obtained these funds when Thelen disgorged fees it had received for legal services it provided in the lawsuit brought against Zurich Insurance without the knowledge or participation of the chapter 7 trustee.

Attorney Carol Rich, special counsel to the chapter 7 trustee, attorney Kevin Rames, counsel to the chapter 7 trustee, and John Ellis, the chapter 7 trustee himself, have submitted applications for payment of fees and expenses. Their applications, if granted in their entirety, would consume 95.7% of the amount available for distribution to creditors, leaving a mere $3,114.54 for unsecured creditors.

We will consider their fee applications one at a time.

## ATTORNEY RICH.

■ Attorney Rich, special counsel to the chapter 7 trustee, requests compensation in the amount of $41,320.00 for 206.6 hours of legal services she provided beginning on April 18, 2001, and ending on April 4, 2002. The proposed hourly rate of compensation is $200.00. She also requests reimbursement of her expenses in the amount of $3,357.13. The total amount she requests is $44,677.13.

The most glaring problem with attorney Rich's fee application involves what we consider to be excessive amounts of time spent performing certain tasks. In our estimation, the time spent performing

these tasks far exceeds what an attorney who charges $200 per hour would spend.

For instance, between May 2, 2001, and May 8, 2001, attorney Rich expended 12.5 hours at the hourly rate of $200 drafting, editing, and proof-reading the answer to the complaint in the adversary brought by Ziegler against chapter 7 trustee, the counterclaim against Ziegler, and the third-party complaint against Thelen. We have reviewed these pleadings and do not think that they were sufficiently complex or esoteric to merit spending 12.5 hours. In our estimation, 4.0 hours at the hourly rate of $200 should have been more than enough to perform these tasks. The remaining 8.5 hours is excessive and therefore not compensable.

Between October 16, 2001, and October 19, 2001, attorney Rich spent a total of 17.3 hours at the hourly rate of $200 drafting, editing, reviewing and proof-reading a settlement demand made upon Thelen with respect to the chapter 7 trustee's third-party complaint against Thelen. It was grossly excessive for an attorney who charges $200 per hour to spend so much time performing these tasks. In our estimation, 4.0 hours at the hourly rate of $200 should have been more than enough to perform these tasks. The remaining 13.3 hours is excessive and therefore is not compensable.

Between February 25, 2002, and March 4, 2002, attorney Rich devoted a total of 7.5 hours at the hourly rate of $200 reviewing a motion by the attorney to Ziegler to amend his answer to the chapter 7 trustee's counterclaim against him, conducting legal research on the matter, and drafting, editing, proof-reading, and finalizing the chapter 7 trustee's opposition to the motion. Again, it was grossly excessive for an attorney who charges $200 per hour to spend this much time performing such relatively simple tasks. We think that 2.5 hours would have been reasonable. The remaining 5.0 hours are excessive and therefore are not compensable.

On March 21 and 22, 2002, attorney Rich expended a total of 9.5 hours preparing, drafting, editing, proof-reading, and finalizing the chapter 7 trustee's portion of the pre-trial statement for the impending trial of the chapter 7 trustee's counterclaim against Henry Ziegler. We fail to comprehend how an experienced attorney who charges $200 per hour would require 9.5 hours to prepare and then file a pre-trial statement. At most 2.0 hours at this hourly rate would have been reasonable in this context. The remaining 7.5 hours are excessive and therefore are not compensable.

Finally, attorney Rich spent what we view as an inordinate amount of time communicating with attorney Rames via telephone and e-mail. In all, she spent some 11.0 hours doing so between April 18, 2001, and October 4, 2001. Although we would expect attorney Rich and attorney Rames to spend some of their time communicating with one another in this way, we think it unreasonable that they would spend 11.0 hours so doing. In our estimation, a total of 6.0 hours would have been reasonable. The remaining 5.0 hours were excessive and therefore are not compensable.

In all, we find that 39.8 hours of the services attorney Rich provided were excessive and accordingly will reduce her compensation by $7,860.00 (39.3 hours × $200.00 = $7,860.00).

■ The matter does not end there. Attorney Rich also seeks a total of $800.00 in compensation for a total of 4.0 hours she spent traveling by airplane from St. Thomas to St. Croix and back to St. Thomas on May 16, 2001, August 6, 2001, February 14, 2002, and April 11, 2002.

Some courts allow compensation at 100% of a professional's customary hourly rate

for time the professional spends on necessary travel in connection with a case. E.g., *In re Zepecki,* 224 B.R. 907, 911 (Bankr.E.D.Ark.1998); *In re Braddy,* 195 B.R. 365, 368 (Bankr.E.D.Mich.1996).

Other courts do not allow compensation for such travel at 100% of the professional's customary hourly rate because time spent traveling generally is not productively spent providing legal services to the client. E.g., *In re Anderson Grain Corp.,* 222 B.R. 528, 532 (Bankr.N.D.Tex.1998). A majority of these courts allow compensation for time spent traveling at 50% of the professional's hourly rate. E.g., *Matter of Environmental Waste Control,* 122 B.R. 341, 347 (Bankr.N.D.Ind.1990); *In re Taylor,* 66 B.R. 390, 397 (Bankr.W.D.Pa.1986).

■ We agree with the cases that have allowed compensation for time spent traveling at 50% of the professional's customary hourly rate. If, however, the professional establishes that he or she utilized that time productively by preparing for a meeting or court proceeding in the case, compensation may be awarded at a higher percentage. *See In Landing, Inc.,* 122 B.R. 701, 704–05 (Bankr.N.D.Ohio 1990).

Attorney Rich offered nothing which would indicate that the time she spent traveling in this case was productively utilized to prepare for meetings or court proceedings in this case. The total amount of compensation for attorney Rich's time spent traveling will be reduced from $800.00 to $400.00. Payment in this amount, we believe, is "more than charitable". *In re Taylor,* 66 B.R. at 397.

In light of the foregoing, allowed compensation for legal services provided by attorney Rich will be reduced by $8,260 from $41,320.00 to $33,060.00. Her request for reimbursement of expenses in the amount of $3,357.13 will be granted in the amount requested.

The amount of the authorized payment to attorney Rich for legal services provided on behalf of the bankruptcy estate and for expenses she incurred in connection therewith is $36,417.13 ($33,060.00 + $3,357.13 = $36,417.13).

**ATTORNEY RAMES.**

Attorney Kevin Rames, counsel to the chapter 7 trustee, requests compensation in the amount of $17,647.50 for 88.5 hours of legal services provided beginning on December 12, 2000, and ending on April 11, 2002.

■ Among other things, a fee applicant must submit contemporaneous time records describing with specificity the tasks performed, when they were performed, and the time spent performing them.

Time entries which lack such specificity and instead "lump together" several discrete activities under a single entry are universally disapproved for a variety of reasons. It enables an applicant to request compensation for tasks which would not be compensable if reported separately. It also prevents a court from determining whether a particular activity was performed within a reasonable amount of time because the court cannot separate the various activities into discrete units during discrete intervals of time. *In re Staggie,* 255 B.R. 48, 55 (Bankr.D.Idaho 2000).

Courts have taken various approaches to lumping. Some have altogether denied compensation for activities which are lumped together. Others have assessed an across-the-board reduction ranging from 20% to 40% or more. *See In re Staggie,* 255 B.R. at 55–56 (citations omitted).

■ We ourselves held in the past that activities lumped together in a single time-entry are not compensable at all. *E.g., In re C & A Enterprises, Inc.,* 132 B.R. 303, 311 (Bankr.W.D.Pa.1991); *In re Taylor,* 66

B.R. at 395. Further reflection and experience have led us to conclude that such a *per se* rule does not produce the most appropriate result in certain instances. Where, as in this case, it is apparent that the applicant did provide valuable necessary services which unfortunately are lumped together with other services, we may apply an appropriate across-the-board reduction of the allowed compensation. This flexible approach avoids unduly penalizing professionals who have provided valuable necessary services for which compensation otherwise is appropriate but whose record-keeping skills are deficient.

■ The most glaring shortcoming of attorney Rames' fee application is that 33.85 of the hours of legal services he provided as counsel to chapter 7 trustee Ellis were lumped together in his time records.

He lumped together more than one activity in a single time entry on the following dates: March 21, 2001 (.75 hours); March 28, 2001 (1.75 hours); March 30, 2001 (1.50 hours); April 2, 2001 (.90 hours); April 26, 2001 (.90 hours); May 1, 2001 (.60 hours); May 2, 2001 (1.75 hours); May 7, 2001 (1.25 hours); May 8, 2001 (2.75 hours); May 9, 2001 (1.50 hours); May 10, 2001 (1.15 hours); May 14, 2001 (1.75 hours); May 15, 2001 (3.15 hours); May 16, 2001 (1.45 hours); May 18, 2001 (.75 hours); June 19, 2001 (1.70 hours); July 19, 2001 (1.55 hours); July 26, 2001 (1.10 hours); August 6, 2001 (4.0 hours); August 7, 2001 (1.75 hours) and August 8, 2001 (1.85 hours).

We are satisfied that a significant portion of these activities would be fully compensable under the requirements of § 330 of the Bankruptcy Code had attorney Rames not lumped them together. Because they are lumped together, however, we cannot say with exactitude how much compensation is appropriate for these ac-

tivities. We estimate that as much as 60% of these activities would be compensable had attorney Rames not lumped them together. Accordingly, we will reduce the requested compensation for these 33.85 hours of activities—i.e., $7,770.00 (33.85 hours × $200 = $7,770.00)—by 40% ($7,770.00 × 40% = $3,108.00) to $4,662.00 ($7,770.00 − $3,108.00 = $4,662.00).

■ The matter does not end there. We previously determined that attorneys Rich and Rames had spent an excessive amount of time—i.e., 11.0 hours—communicating with one another starting on April 11, 2001, and ending on October 4, 2001. We previously reduced the compensable time attorney Rich spent communicating with attorney Rames from 11.0 to 6.0 hours. It is no less appropriate to do the same with respect to the time attorney Rames spent communicating with attorney Rich. Accordingly, we will further reduce the allowed compensation paid to attorney Rames for these activities by an additional $1,000.00 (5.0 hours × $200.00 = $1,000.00).

In all, we will reduce the compensation paid to attorney Rames for legal services he provided as counsel to chapter 7 trustee Ellis by the sum of $5,662.00 ($4,662.00 + $1,000.00 = $5,662.00) from $17,647.50 to $10,985.50 ($17,647.50 − $6,662.00 = $10.985.50). In addition, his request for reimbursement of expenses in the amount of $370.98 will be granted in the amount requested.

The total amount of the authorized payment to attorney Rames for legal services rendered on behalf of the bankruptcy estate and for expenses incurred is $11,356.48 ($10,985.50 + $370.98 = $11,356.48).

**CHAPTER 7 TRUSTEE ELLIS.**

■ The amount of compensation awarded to a chapter 7 trustee for services

rendered In a bankruptcy case as chapter 7 trustee is controlled by §§ 326(a) and 330 of the Bankruptcy Code. *Staiano v. Cain (In re Lan Associates XI)*, 192 F.3d 109, 115 (3d Cir.1999). The amount of a trustee's fee should not be determined solely on the basis of how much money is available for distribution to creditors. *Id.*, 192 F.3d at 122.

Section 330 of the Bankruptcy Code authorizes awarding reasonable compensation to a trustee as well as to professionals the trustee employs. The amount of reasonable compensation ultimately allowed is subject to the maximum percentages (or "caps") set forth at § 326(a). *Id.*, 192 F.3d at 115.

 Consideration as to reasonableness under § 330(a) should not include consideration of the caps set forth at § 326(a). *Id.*, 192 F.3d at 115. Only after reasonable compensation is determined under § 330(a) does § 326(a) come into play to determine whether it is necessary to "cap" the amount of compensation awarded. *Id.*, 192 F.3d at 122.

 A trustee is not automatically entitled to the maximum compensation permitted under § 326(a). The maximum amount is awarded only when the result obtained and the benefit realized by the estate are "exemplary". *Id.*, 192 F.3d at 122.

 Chapter 7 trustee Ellis requests compensation for his services in the amount of $6,889.31, the maximum amount allowable under § 326(a) of the Bankruptcy Code. He also requests reimbursement of expenses in the amount of $68.82. The total amount requested is $6,958.13.

Applying the criteria set forth at § 330 of the Bankruptcy Code, we conclude that an award in the amount of $6,889.31 for services the chapter 7 trustee provided in this matter would be excessive, not reasonable.

Chapter 7 trustee Ellis was appointed for the sole purpose of recovering and distributing to creditors the value of the lawsuit against Zurich Insurance which Henry Ziegler had purloined for his own benefit. Given the highly unusual circumstances in effect when he was appointed, chapter 7 trustee Ellis did not have to perform many of the tasks chapter 7 trustees typically have to perform when appointed at the outset of a case.

The overwhelming preponderance of the work involved in recovering anything of value in this regard was performed by attorney Rich and, to a lesser extent, by attorney Rames. It was through their efforts that Thelen agreed to disgorge the fee it had received for representing debtor in the lawsuit against Zurich Insurance. Chapter 7 trustee Ellis had little, if anything, to do with making this a reality. Aside from attending various court hearings and conferring with attorneys Rich and Rames by telephone or e-mail, chapter 7 trustee Ellis apparently was not an active player in procuring this asset for the bankruptcy estate. There is nothing in the record to indicate that he was actively involved in the negotiations which culminated in settlement of his third-party complaint against Thelen or, for that matter, in the settlement of his counterclaim against Ziegler.

In our estimation, an award in the amount of $3,500.00 would be ample compensation for the chapter 7 trustee's services in this case. His request for reimbursement in the amount of $68.82 will be granted in the amount requested.

The total amount of the authorized payment to chapter 7 trustee Ellis for his services as trustee and for expenses in-

curred is $3,568.82 ($3,500.00 + $68.82 = $3,568.82).